UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| JOHN DOE,<br>         PLAINTIFF<br><br>vs.<br><br>UNIVERSITY OF CONNECTIUCT<br>AND BRIAN GOEPFRICH,<br>         DEFENDANTS. | Civil Case No. 3:20-cv-00092<br><br><br><br>DATE: January 20, 2020 |

**MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S MOTION TO PROCEED ANONYMOUSLY AS JOHN DOE**

Plaintiff submits this Memorandum of Law in support of Plaintiff's Motion to Proceed Anonymously as John Doe. John Doe seeks leave to proceed in the above-captioned matter as a pseudonymous Plaintiff. Plaintiff's identity as described in the Complaint should not be disclosed to the public due to the nature of the claims, which involve his protected and confidential educational records as well as those of other students. In addition, Defendants allegations against him involve sexual misconduct, which Plaintiff's alleges are unfair and erroneous. Plaintiff is justifiably concerned about the possibility reprisal and reputational harm that could further interfere with his career and other future endeavors and inflict additional harm.

I.   **STATEMENT OF FACTS**

John Doe alleges that UConn's misconduct proceedings were infected with gender bias and riddled with errors in which UConn disregarded its own policies and procedures, forbid him from submitting exculpatory evidence, breached contract, violated Title IX of the Education Amendments of 1972, 20 USC § 1681, et seq., and ran roughshod over his due process rights in violation of the Fifth and Fourteenth Amendment to the United States Constitution.

As alleged in the Complaint, Plaintiff is a student wrongly sanction with a two-year suspension. University of Connecticut ("UConn") found him responsible for sexual assault of a fellow UConn student, also identified anonymously as "Jane Roe."

There was clear, affirmative evidence of consent. But Defendants have concluded that Plaintiff was responsible (i.e., guilty) and suspended him during on the last day of the fall semester December 16, 2019. Months before, UConn had already pre-judged him on the day of his first investigatory interview on October 15, 2019 and effectively expelled him even before any investigation was complete. UConn blocked his access to his transcript and barred him from registering for the Spring 2020 Semester, terminating his studies.

After breaching its own policies in numerous ways, UConn confirmed its predetermined judgement of expulsion at a first-level appeal. Upon a second level appeal, UConn then commuted this to a two-year "suspension" until January 2022. Yet this "suspension" is a suspension in name only. UConn refuses to guarantee John Doe's reinstatement. In 2022, he must reapply both to UConn as a whole and to his school (the business school) to complete his degree. And UConn has made clear that it will impose as-yet-unnamed pre-conditions. In the meantime, UConn also forbids him from taking credits to transfer toward his degree. UConn imposes these punitive measures despite the fact that John Doe is only one semester from graduating, he has never had any prior disciplinary issues, and he has never even been arrested.

II. ARGUMENT

A. Legal Standard

Plaintiff acknowledges the strong public policy in favor of public access to judicial proceedings. However, the courts permit parties to proceed under pseudonyms when circumstances justify an exception to this general policy. This has become the norm in Title IX litigation for both accused students and accusing students.

Generally, to permit a party to proceed anonymously, a court "must balance the need for anonymity against the general presumption that parties' identities are public information and the risk of unfairness to the opposing party." *Plaintiffs I Thru XXIII v. Advanced Textile Corp.,* 214 F. 3d 1058, 1068 (9th Cir. 2000).

The Second Circuit has articulated a non-exhaustive list of factors for conducting this balancing test:

> (1) whether the litigation involves matters that are highly sensitive and of a personal nature;
>
> (2) whether identification poses a risk of retaliatory physical or mental harm to the party seeking to proceed anonymously or even more critically, to innocent non-parties;
>
> (3) whether identification presents other harms and the likely severity of those harms, including whether the injury litigated against would be incurred as a result of the disclosure of the plaintiff's identity;
>
> (4) whether the plaintiff is particularly vulnerable to the possible harms of disclosure, particularly in light of his age;
>
> (5) whether the suit is challenging the actions of the government or that of private parties;
>
> (6) whether the defendant is prejudiced by allowing the plaintiff to press his claims anonymously, whether the nature of that prejudice, if any, differs at any particular stage of the litigation, and whether any prejudice can be mitigated by the district court;
>
> (7) whether the plaintiff's identity has thus far been kept confidential;
>
> (8) whether the public's interest in the litigation is furthered by requiring the plaintiff to disclose his identity;
>
> (9) whether, because of the purely legal nature of the issues presented or otherwise, there is an atypically weak public interest in knowing the litigants' identities; and
>
> (10) whether there are any alternative mechanisms for protecting the confidentiality of the plaintiff.

*Plaintiff v. Cuomo*, No. 10-CV-1534 TJM/CFH, 2013 WL 1213174, at *5 (N.D.N.Y. 2013).

A recent decision in this Court's sister District, the N.D.N.Y., is directly on point. *Doe v. Colgate Univ.*, N.D.N.Y. No. 5:15-cv-1069, 2016 U.S. Dist. LEXIS 48787 (Apr. 12, 2016). In that case, the plaintiff sued Colgate University over an investigation into allegations that Plaintiff sexually assaulted three students while attending the school. The court allowed plaintiff to proceed anonymously, concluding that the interest in privacy outweighed the interest in public disclosure. *Id*. at *9-*10. The court reasoned, "forcing Plaintiff to reveal his identity would not advance any aspect of the litigation but instead poses a risk that Plaintiff would be subject to unnecessary ridicule and attention. The Court is also mindful of the potential chilling effect that forcing Plaintiff to reveal his identity would have on future plaintiffs facing similar situations."

The Court should permit Plaintiff to proceed anonymously after balancing the above-noted factors.

**B. The Litigation Involves Highly Sensitive Matters of a Personal Nature**

Numerous courts, including those of the District of Connecticut, routinely allow plaintiffs alleging Title IX claims against colleges and universities to proceed anonymously. *See e.g. John Doe v. Quinnipiac Univ.*, No. 3:17-cv-364-JBA, Dk#27 (D.Conn. Mar. 32, 2017) (granting Motion to Proceed in Fictitious Name); *John Doe of the Syracuse*, Civ. No. 17-cv-00787, Dk#21 (N.D.N.Y. Oct. 31, 2017); *John Doe v. Columbia University and Trustees of Columbia University*, 2014 WL 6471520 (S.D.N.Y. 2014); *John Doe v. Univ. of the South*, 687 F. Supp. 2d 744 (E.D. Tenn. 2009); *John Doe v. Univ. of Massachusetts-Amherst*, 2015 WL 4306521 (D. Mass. 2015); *John Doe v. Univ. of S. Florida Bd. of Trustees*, 2015 WL 3453753 (M.D. Fla. 2015); *John Doe v. Salisbury Univ.*, 2015 WL 3478134 (D. Md. 2015); *John Doe v. Univ. of Montana*, 2012 WL 2416481 (D. Mont. 2012) ("With respect to the individual students involved in the Student Conduct Code proceeding … the Court finds that the interests of those individuals in avoiding undue embarrassment, harassment, and disclosure of sensitive private information

outweigh the public's need to know their names"), *citing Plaintiffs I–XXIII v. Advanced Textile Corp.,* 214 F.3d 1058, 1068–69 (9th Cir.2000)).

Plaintiff's identity has thus far been kept confidential, and the Court should permit Plaintiff to continue to do so. This is appropriate given the highly sensitive and personal nature of allegations of sexual misconduct. Plaintiff does not contend that the revelation of his name will merely embarrass him or subject him to public humiliation. Public revelation of highly sensitive sexual acts and the privacy interests implicated by false allegations of sexual misconduct can permanently bar his path forward as an educated professional. Plaintiff will be significantly hindered in his ability to pursue future career and educational endeavors, including graduate studies.

As a young adult at the beginning of his career, John Doe is particularly vulnerable to this reputational harm. Furthermore, revealing Plaintiff's identify would render any ultimate relief ordered by this Court moot. Forcing Plaintiff's identity into the open would forever associate his name with alleged sex crimes—regardless of their merit. This is, among other damages caused by Defendants, the exact reputational harm that John Doe seeks to remedy through this lawsuit.

John Doe has also been the target of direct threats of violence and racial epithets from Jane Roe and her friends on campus. UConn's unfair process has emboldened them to urge in private text messages: "y'all niggas [sic.] should have beat his ass. he needs his ass beat…" Preserving John Doe's anonymity will serve to prevent further harm.

As in the cases cited, the Court should permit Plaintiff to proceed anonymously.

C. **Defendants Will Not Be Prejudiced**

Defendants will not be prejudiced. "Other than the need to make redactions and take measures not to disclose plaintiff's identity, defendants will not be hampered or inconvenienced merely by Plaintiff's anonymity in court papers." *Plaintiff No. 2 v. Kolko*, 242 F.R.D. 193, 198

(E.D.N.Y. 2006).  In fact, Defendants have already redacted many of the relevant documents in Plaintiff's educational and disciplinary record to protect the confidentiality of John Doe, Jane Roe, and other student witnesses.

Defendants are obviously aware of Plaintiff's true identity.  There can be no doubt that Defendants will have unobstructed opportunity to conduct discovery, present their defenses, and litigate this matter, whether or not Plaintiff proceeds anonymously.  Accordingly, no prejudice to Defendants stands in the way of permitting John Doe to proceed anonymously.

### D. The Public Has a Weak Interest, if Any, in Plaintiff's Identity

Considering the legal nature of the claims presented (*i.e.*, Defendants violated Plaintiff's right to fair and due process, violated Title IX, and breached state contract law), there is a weak public interest in learning Plaintiff's identity as an individual.

Maintaining Plaintiff's confidentiality is also consistent with federal policy as expressed by the Family Educational Rights and Privacy Act (FERPA).  John Doe's case primarily involves school disciplinary records, the protected confidentiality of which is well established. *See e.g.*, *United States v. Miami Univ.*, 294 F.3d 797, 812 (6th Cir. 2002) (noting that Congress "intend[ed] to include student disciplinary records within the meaning of 'education records' as defined by the FERPA").

Not only would disclosure contravene the policy embodied in FERPA, it would not advance any public interest in this matter.  UConn is a large institution of public accommodation, whose actions affect the student population at UConn as a whole.  The public interest overwhelmingly lies in the enforcement of existing laws against UConn, which Plaintiff's lawsuit advances by exposing bias, sex discrimination, constitutional violations, and unfair investigatory process.  *See e.g., Plaintiff No. 2 v. Kolko*, 242 F.R.D. 193, 195 (E.D.N.Y. 2006).

In addition, the public's knowledge will be only minimally restricted. UConn's wrongful prosecution of sexual misconduct charges, as well as its violation of civil and contract rights, will still be exposed to public scrutiny if the Court allows John Doe to proceed anonymously.

## CONCLUSION

For these reasons and such other reasons as may appear just to the Court, Plaintiff requests that his Motion to Proceed Anonymously as John Doe be granted.

Respectfully submitted,

/s/Michael Thad Allen

Michael Thad Allen, Esq. (ct29813)
ALLEN LAW, LLC
PO Box 404
Quaker Hill, CT  06375
(860) 772-4738
m.allen@allen-lawfirm.com

for PLAINTIFF

## CERTIFICATE OF SERVICE

I hereby certify that on the date specified in the caption of this document, I electronically filed the foregoing with the Clerk of Court, to be served on all parties of record via the CM/ECF system and by email on the following parties:

Attorney Nicole Gelston
General Counsel
University of Connecticut
Office of the General Counsel
343 Mansfield Road, Unit 1177
Storrs, CT 06269-1177

William Tong
Attorney General
Office of the Attorney General
165 Capitol Avenue
Hartford, CT 06106
Attorney.General@ct.gov

_____
Michael Thad Allen