| | |
|---|---|
| JOHN DOE,<br><br>Plaintiff,<br>V.<br><br>UNIVERSITY OF CONNECTICUT, BRIAN GOEPFRICH, GREGORY BOUQUOT AND MICHAEL GILBERT<br><br>Defendants. | CASE NO. 3:20-cv-00092-MPS<br><br>February 10, 2020 |

## CONSENT ORDER

This Consent Order is entered into by and between the Plaintiff, John Doe, (the "Plaintiff") and Defendants University of Connecticut, (the "University"), Brian Goepfrich, Gregory Bouquot and Michael Gilbert, in their official capacities only, (collectively, "Defendants") in the above captioned case, *Doe v. University of Connecticut, et al.*, 3:20-cv-00092-MPS, by and through their respective counsel (collectively, the "Parties").

WHEREAS, on or about January 20, 2020, the Plaintiff filed a Complaint, and then on or about January 24, 2020, the Plaintiff filed the Amended Complaint re-alleging that, during an investigation and hearing conducted by the Defendants, following a student complaint that the Plaintiff had violated the University's *Student Conduct Code*, some or all of the Defendants violated his constitutional rights to procedural due process under the 5th and 14th Amendments to the United States Constitution, violated Title IX, (20 U.S.C. Section 1681), breached a contract between the Plaintiff and the University, and breached a covenant of good faith and fair dealing between the Plaintiff and the University;

WHEREAS, upon Plaintiff's motion the Court granted the Plaintiff's Motion for Emergency Temporary Restraining Order;

WHEREAS, the Defendants maintain that they have acted in compliance with all laws and deny any and all liability for the claims alleged in the Amended Complaint; and

WHEREAS, the Parties have the desire to resolve all issues and claims raised and contained in the Plaintiff's Emergency Motion for Temporary Restraining Order and Preliminary Injunction and Amended Complaint bearing Civil Case No. 3:20-cv 00092 and any and all pending disputes between them without further litigation.

NOW THEREFORE, it is hereby stipulated and agreed, by and among the Parties, that their claims shall be compromised, settled, released, and dismissed with prejudice, upon and subject to the terms and conditions of this Consent Order, as follows:

1. Plaintiff will withdraw with prejudice his Emergency Motion for Temporary Restraining Order and Preliminary Injunction and Amended Complaint, bearing Civil Case No. 3:20-cv 00092;

2. The terms and conditions of this Consent Order shall have the full force and effect of an Order of this Court. As such, the Court will continue to exercise jurisdiction over this Consent Order, and either party may seek relief from this Court in the event any other party is believed to have violated any terms or conditions contained therein;

3. The Parties agree that the sanction of suspension that resulted from the December 19, 2019 hearing is permanently vacated. Any notices placed on the Plaintiff's transcript related to that hearing have been removed;

4. The parties agree that the University will hold a new hearing to consider allegations against the Plaintiff that he engaged in conduct on or about April 5, 2019 that, if a

preponderance of evidence indicates that it is more likely than not the alleged conduct occurred, would constitute a violation of *The Student Code, Part III.B. 4 and 5;*

5. The hearing will take place no later than March 13, 2020 at a date to be mutually agreed on by the parties;

6. The University will select different hearing officers than those who presided over the Plaintiff's hearing on December 19, 2019; and the identity of the new hearing officers will be disclosed to Plaintiff's counsel no later than five business days prior to the new hearing. The new hearing officers will be provided a written instruction attached hereto as Exhibit A by the University's General Counsel. Nothing herein shall preclude the General Counsel from further advising the hearing officers for the purpose of clarifying the instructions;

7. The hearing will be a *de novo* hearing in which the hearing panel will consider all evidence presented to it by the parties and student conduct office;

8. The hearing panel will be provided with the Findings and Recommendation Report, dated November 7, 2019, except for Section V containing the recommended sanction;

9. The hearing panel shall permit all witnesses proposed by the parties to provide testimony during the hearing;

10. All participating witnesses to the hearing, including the student conduct investigator, are subject to questioning by the parties and the hearing panel as set forth herein. Any party who wishes to question the other party or a witness shall submit proposed questions to the hearing panel. While the hearing panel maintains the discretion not

to ask one or more questions submitted by any party, the hearing panel will be instructed that, unless a question is deemed unduly inflammatory or entirely irrelevant to the issue before them, it should ask the questions as submitted.

11. Counsel for any party or witness shall not be allowed to participate in the hearing in any way except as allowed pursuant to Part IV.D.3.f of the *Student Conduct Code;*

12. If either party elects to appeal the decision of the hearing panel in accordance with Part IV.F of the *Student Conduct Code*, the hearing panel's decision shall be stayed through the conclusion of the University's appeal process. The plaintiff agrees that he shall not challenge the University's final decision through any court action as long as the Defendants substantially comply with the terms of this Consent Order;

13. In the event the plaintiff is found responsible for one or more violations of *The Student Code* and removed from the University prior to completing the Spring 2020 semester as a result (through suspension or expulsion), the University will return to all appropriate government agencies all monies paid on his behalf for attendance during the Spring 2020 semester;

14. The University acknowledges that by virtue of this Consent Order the Plaintiff asserts that he is a "prevailing party" pursuant to Section 42 U.S.C. § 1988(b). The University takes no position and will defer to this Court's judgment on that issue. The University reserves the right to object to the amount and reasonableness of any application for attorney's fee made to this Court by the plaintiff. The University also reserves the right to appeal from any decision by this Court regarding the amount and reasonableness of attorney's fees.

15. This Consent Order will be submitted to the United States District Court for the District of Connecticut (Shea, J.) for its approval. If the Consent Order is not approved by the Court, this Consent Order will be void *ab initio* and the litigation of Plaintiffs' claims against the Defendants will continue.

16. Notwithstanding the plaintiff's withdrawal of the underlying action, the United States District Court for the District of Connecticut will retain jurisdiction over this matter to enforce substantial compliance with the terms of this Consent Order. The Plaintiff may, upon motion to the Court, assert a claim of substantial noncompliance with this Consent Order. However, prior to bringing any such motion, the Plaintiff will be required to exhaust all appeal options available at the University level pursuant to the Student Code, and, will be required to serve written notice on the Defendants detailing his claim(s) of substantial noncompliance. Within five (5) business days thereafter or as such time as mutually agreed upon, the Parties shall confer by telephone or in person in a good faith effort to resolve the dispute. If the parties are unable to resolve the dispute, the Plaintiff may file a motion with this Court alleging a claim of substantial noncompliance and shall specify the relief sought. Any such motion shall detail any and all efforts to resolve the dispute prior to seeking Court intervention. The Plaintiff may request attorney fees and costs related to such motion or proceedings thereon, only if the Court finds substantial noncompliance by the Defendants and issues orders correcting such noncompliance.

17. This Consent Order contains the complete agreement of the parties and cannot be modified or amended except by further written agreement of the parties, approved by the United States District Court for the District of Connecticut.

18. This Consent Order resolves and settles all claims which have been made or which could have been made by the Plaintiffs, in any forum whatsoever, known or unknown up to the time of the entry by the Court of this Consent Order, (except as provided in Paragraph 14 above), against the Defendants and their agents, employees and successors, arising out of or in connection with the investigation and hearing process that was the subject of the Complaint in this matter through the date of this Consent Order. It is specifically intended that this Consent Order is a waiver and complete release by Plaintiff of any claim, known or unknown, including but not limited to any claims for money damages, except as expressly contemplated in Paragraph 14 above, against any of the Defendants or any other person in his or her official or individual capacities, which the Plaintiff may have against the Defendants, their agents, employees and successors under state or federal law through the date of this Agreement.

19. The signatories to this Consent Order represent and warrant that they are duly authorized to enter into this Consent Order. This Consent Order may be executed in counterparts, each of which shall constitute an original and which, when taken together, shall constitute one and the same instrument. A fax, copy or electronic signature page shall constitute an original.

Dated this 10th day of February 2020

FOR THE PLAINTIFF

JOHN DOE

By _____
Michael Thad Allen, Esq (Fed. Bar No. ct29813)
Allen Law, LLC
PO Box 404
Quaker Hill, CT 06375
(860) 772-4738
m.allen@allen-lawfirm.com

Dated this 10th day of February 2020

FOR THE DEFENDANTS
UNIVERSITY OF CONNECTICUT
BRIAN GOEPFRICH
GREGORY BOUQUOT
MICHAEL GILBERT,
IN THEIR OFFICIAL CAPACITIES

By _____
Mary K. Lenehan
Assistant Attorney General
Office of the Attorney General
Federal Bar No. ct15436
165 Capitol Ave.
Hartford, CT 06106
Tel: (860) 808-5210
Fax: (860) 808-5387
mary.lenehan@ct.gov

Approved.
It is so ordered.

/s/ MICHAEL P. SHEA          2/11/20
_____    _____
Michael P. Shea, U.S.D.J.    Date

EXHIBIT A

**INSTRUCTIONS TO HEARING OFFICERS – Case No. 2018189902**

1. The "parties" are the complainant and the respondent;

2. The hearing panel shall be fair and impartial.

3. Relevant evidence of a witness' and/or party's credibility or lack of credibility should be considered as a whole over the course of all events presented to the hearing panel and based on all information about the witness and/or party presented during the hearing.

4. The hearing panel shall determine, based exclusively on the evidence in the record and as developed at the hearing, applying a preponderance of the evidence standard, whether it is more likely than not that the respondent engaged in the alleged conduct and whether such conduct constitutes a violation of The Student Code;

5. The hearing panel shall consider all of the information presented to it by the parties, witnesses and the Office of Community Standards. No Office of Community Standards documents shall be considered by the hearing panel except those previously made available to the parties in advance of the hearing.

6. The hearing shall be de novo:

    a. The hearing panel shall make its own assessments concerning the credibility of any witness before it;

    b. The hearing panel shall not defer to any assessments of credibility made, or any findings and conclusions reached, by the student conduct investigator Brian Goepfrich;

    c. To the extent known to them, the hearing panel shall not consider any prior findings, determinations, credibility assessments or conclusions reached in any prior proceeding related to this student conduct matter;

7. All witnesses timely identified by the parties and student conduct office shall be permitted to appear before the hearing panel;

8. The hearing panel shall ask questions of the parties and witnesses as submitted to it by the parties and student conduct office. While the hearing panel maintains the discretion not to ask one or more questions submitted by any party, the hearing panel will be instructed that, unless a question is deemed unduly inflammatory or entirely irrelevant to the issue before them, it should ask the questions as submitted. The hearing panel will state on the record its reasons for excluding any question. The hearing panel may ask any question it deems relevant.

9. Except for the aid and advice of UConn General Counsel, no hearing panel member shall communicate directly or indirectly, in connection with any issue of fact, with any person or

party, or in connection with any issue of law, with any party or the party's representative, without notice and the opportunity for all parties to participate.

10. The hearing panel will be provided with a copy of Exhibit A.

11. The hearing panel shall provide the rationale for its decision and sanctions.

12. Except as provided in this Exhibit A, the hearing shall otherwise be conducted in accordance with the procedures set forth in The Student Code, Part IV.