**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

JOHN DOE,
*Plaintiff*       :  CIVIL ACTION NO.
          :  3:20-cv-00092-MPS
          :
   v.       :
          :
UNIVERSITY OF CONNECTICUT,
et al.,         :
*Defendants*      :  April 27, 2020

**DEFENDANTS' OPPOSITION TO PLAINTIFF'S**
**PETITION FOR REASONABLE ATTORNEY'S FEES AND COSTS**

The Defendants respectfully submit this opposition to the Plaintiff's Petition for

Reasonable Attorney's Fees and Costs.  The Defendants oppose the plaintiff's petition on the

grounds that: 1) the plaintiff is not entitled to fees associated with the first disciplinary hearing;

2) the records do not provide sufficient detail to justify payment; 3) the amount of fees requested

should be reduced by seventy-five percent due to the plaintiff's limited and partial success; 4)

any payment should be offset by the amount of fees already collected by the plaintiff's counsel;

5) the hourly rate requested is not reasonable given the market rate, plaintiff's counsel's level of

experience and the clerical nature of many tasks; 6) many of the fees sought for the second

hearing are not reasonable; and 7) the fees claimed for the fees application must be reduced to be

proportionate to the total award.

**I.  INTRODUCTION**

The plaintiff has submitted a petition for attorney's fees and costs pursuant to 42 U.S.C.

Section 1988(b), ("Section 1988(b)").  Doc. 35.  Plaintiff alleges that the Consent Order "entitles

Plaintiff, as prevailing party", to recover such fees and costs.  Doc. 35, p. 1 of 2.  Plaintiff has

misstated the Consent Order and the defendants' position regarding such costs and fees. The Consent Order plainly states that the Defendants "acknowledge that the plaintiff asserts that he is a prevailing party pursuant to 42 U.S.C. 1988(b). The University takes no position and will defer to this court's judgment on that issue. The University reserves the right to object to the amount and reasonableness of any application for attorney's fees made to this court by the Plaintiff." Doc. 29-1, p. 4 of 9, para. 14. Therefore, prior to awarding any fees or costs, this court must make the threshold finding that the plaintiff is a prevailing party under Section 1988(b).

Assuming arguendo that this court makes such a finding, this only establishes the plaintiff's "eligibility for, not his entitlement to, an award of fees." *LeBlanc-Sternberg v. Fletcher*, 143 F.3d 748, 758 (2d Cir. 1998)*, citing Farrar v. Hobby,* 506 U.S. 103, 114, 113 S.Ct. 566, 121 L.Ed.2d 494 (1992); *Hensley v. Eckerhart,* 461 U.S. 424, 433, 103 S.Ct. 1933, 76 L.Ed.2d 40 (1983). "The district court retains discretion to determine, under all the circumstances, what constitutes a 'reasonable' fee, and in appropriate circumstances the court may conclude that, even though a plaintiff has formally prevailed, no award of fees to that plaintiff would be reasonable." *LeBlanc-Sternberg,* 143 F.3d at 758. (Citations omitted.)

For the reasons set forth herein, the court should deny or reduce the fees and costs submitted in the plaintiff's petition because they are not reasonable.

## II.    ARGUMENT

### A.    The plaintiff is not entitled to fees associated with the first disciplinary hearing.

The attorney's fees claimed for time spent on the first disciplinary hearing are not permitted under Section 1988(b) because the proceeding was not one to enforce a civil rights claim and the plaintiff has failed to identify any discrete portion of the costs for that proceeding

that was either "useful" or "necessary" to obtain the result achieved in the civil rights litigation. Therefore, those fees, $33,570.00, should be denied.  Doc. 35-1, p. 11 of 23.

"Section 1988 permits attorney's fees for time "reasonably expended in litigation."  *Webb v. Bd. of Educ. of Dyer Cty*, 471 U.S. 234, 241 (1985), *citing Hensley*, 461 U.S. at 433.  The Supreme Court has held that this includes time spent on administrative proceedings required to *enforce* a civil right claim prior to the litigation.  *North Carolina Dep't of Transportation v. Crest St. Cmty. Council, Inc.*, 479 U.S. 6, 15, 107 S.Ct. 336, 93 L.Ed.2d 188 (1986) (Emphasis added.).  An example of such a situation is a Title VII discrimination suit that requires exhaustion of administrative remedies prior to litigation.  *See Webb* 471 U.S. at 241(noting that attorney fees for administrative proceedings were reasonable where "the statute that authorized fees, Title VII, also required a plaintiff to pursue available state administrative remedies").

However, the Supreme Court has also held that, when the administrative proceeding is not one to enforce civil rights, as in this case, in order to demonstrate that any of the fees associated with that proceeding are compensable under Section 1988, the plaintiff must show that a *discrete portion* of the work in the earlier proceeding was "both useful and of a type ordinarily necessary" to advance the civil rights litigation.  *N. Carolina Dept. of Transp.*, 479 U.S. at 15 (emphasis added).  *See also Chabad Lubavitch of Litchfield County, Inc. v. Litchfield Historical Dist. Com'n.*, 934 F.3d 238, 244 (2d Cir. 2019).

The Second Circuit has applied the *North Carolina* test to claims for attorney's fees under Section 1988(b).  In *Cullen v. Fliegner*, 18 F.3d 96 (2d Cir. 1994), the Second Circuit affirmed a district court's award for a limited amount of fees associated with a discrete portion of the work product from an administrative proceeding.  *Id*. at 106.  In that case, the plaintiff had sought an injunction prohibiting a school's disciplinary proceeding against him. *See id*. at 101.

Although the disciplinary proceeding was not one to enforce the plaintiff's civil rights, the District Court awarded attorney's fees for a discrete portion of the total fees associated with the disciplinary proceeding on the grounds that the specific and limited tasks identified by the plaintiff were both useful and necessary to the federal litigation. *See id.* at 106. The Second Circuit affirmed explaining that the prevailing plaintiff had "appropriately excluded from his request those fees incurred that were particular to the disciplinary proceeding and could not be transferred to the district court action." *Id.* The Court found that the plaintiff had identified the hours that satisfied the "discrete portion" *North Carolina* test. *Id.*

The Second Circuit faced the question again in *Chabad Lubavitch of Litchfield County, Inc. v. Litchfield Historical Dist. Com'n.*, 934 F.3d at 245. In that case, as in *Cullen*, the administrative proceeding was not one to enforce a civil right. *Id.* Unlike the *Cullen* plaintiff, however, the *Chabad* plaintiff applied for *all* fees associated with the underlying proceeding without separating any discrete portion of fees that were "necessary" and "useful" under the *North Carolina* test. *Id.* The Second Circuit affirmed the District Court's denial of all the fees associated with the administrative proceeding holding that the plaintiff had failed to give the district court the basis it needed to make even a partial award of fees for the administrative proceedings. *Id.*

The disciplinary proceeding in this case was not a proceeding to enforce the plaintiff's civil rights claim. As in *Cullen* and *Chabad*, the alleged violation occurred as a result of the administrative proceeding, rather than prior to it. Therefore, the plaintiff had the burden to identify a discrete portion of fees from the disciplinary proceeding that were "useful" and "necessary" to the civil rights litigation as required under the *North Carolina* test. *Chabad*, 934 F.3d at 244-45. The plaintiff here failed to make any such showing. Instead, as in *Chabad*, he

4

has claimed that all fees associated with the first disciplinary hearing are compensable.  Having

failed to meet the *North Carolina* discrete portion test, his claim fails.

The plaintiff argues that the disciplinary hearing in this case was mandated by state and

federal law, and, therefore, that his fees for the disciplinary hearing are compensable under

Section 1988.  See p.15-16.  The plaintiff misconstrues the distinction the courts have drawn

between administrative proceedings required to enforce civil rights claims prior to litigation, and

administrative proceedings that give rise to a civil rights claim based on a decision by an

administrative agency.  The District Court in *Chabad* explained the difference.

> Although it is true, in a sense, that the administrative proceeding below
> necessarily preceded this action, the proceedings were necessary only insofar as
> the result of the administrative proceeding constituted the action giving rise to this
> case. Thus, compared to a Title VII action, the Commission proceedings are more
> akin to an unlawful termination of an employee than to state administrative
> proceedings following that termination. A plaintiff is not entitled to attorney fees
> for proceedings that take place before a violation of its rights has occurred.
> Therefore, the court concludes that the Chabad is not entitled to attorney fees for
> the representation before the Commission.

*Chabad Lubavitch of Litchfield County, Inc. v. Borough of Litchfield, Connecticut*, No. 3:09-CV-

1419 (JCH), 2018 WL 2332075, at *8, *aff'd sub nom. Chabad Lubavitch of Litchfield County,*

*Inc. v. Litchfield Historic Dist. Comm'n*, 934 F.3d 238 (2d Cir. 2019).

The disciplinary hearing in this case was not one to enforce a civil right.  In fact, the

plaintiff's alleged civil rights claim did not arise until the hearing panel reached a decision in the

disciplinary proceeding.  Given that the disciplinary proceeding was not one to enforce a civil

right, and given that the plaintiff failed to identify a discrete portion of the fees for the

disciplinary proceeding that were associated with work that was useful and necessary to the

federal litigation, the fees for the underlying administrative proceeding are not compensable

under Section 1988(b) and should be denied.

**B.      The amount of attorney's fees requested must be reduced because the records do not provide sufficient information to justify payment.**

A number of plaintiff's counsel's time entries must be excluded because they do not provide sufficient information to comply with the Second Circuit's requirement of specificity that the records include "the date, hours expended, and nature of the work done." *N.Y. State Ass'n for Retarded Children, Inc. v. Carey*, 711 F.2d 1136, 1154 (2d Cir. 1983) ("All applications for attorney's fees ... should normally be disallowed unless accompanied by contemporaneous time records indicating, for each attorney, the date, the hours expended, and the nature of the work done."); *McCann v. Coughlin*, 698 F.2d 112, 131 (2d Cir. 1983) ("Fee awards ... must be made on the basis of adequate documentation.")  While it is not necessary to know the exact number of minutes spent nor the precise activity to which each hour was devoted, the request in this case combines various tasks into overlapping and vague time entries and, consequently, does not adequately identify the time spent on particular tasks, thereby making it impossible to decipher how much time was actually spent on each task contained in the entries.  Based on the inadequate records, the costs should be denied, or drastically reduced, as they are too vague and overly broad.

"[T]he fee applicant bears the burden of establishing entitlement to an award and documenting the appropriate hours expended and hourly rates." United States v. Keshner, 794 F.3d 232, 235 (2d Cir. 2015) (citation omitted). "[A]ttorneys are required to keep and submit contemporaneous records with their fee applications, absent unusual circumstances outside the attorney's control." *Restivo v. Hessemann,* 846 F.3d 547, 591 (2017).  The Court has discretion to reduce the hours billed in situations where the time entries are vague and overly broad.  *See Kirsch v. Fleet St., Ltd.*, 148 F.3d 149, 172-73 (2d Cir. 1998) (district court has discretion to "deduct a reasonable percentage of the number of hours claimed as a practical means of

trimming fat from a fee application," for "excessive, redundant, or otherwise unnecessary" entries, or for "vagueness, inconsistencies, and other deficiencies in the billing records").

While block billing is not disallowed in the Second Circuit Court, such billing is objectionable when the "commingling of activities within one time entry impedes the court's efforts to evaluate the reasonableness of any of the listed activities." *Miroglio S.P.A. v. Conway Stores, Inc.*, 629 F. Supp. 2d 307, 313-14 (S.D.N.Y. 2009) (citations omitted).  Courts have reduced fees where block billing "render[ed] it difficult to determine whether, and/or the extent to which, the work done by [the prevailing party's] attorneys [was] duplicative or unnecessary," *Sea Spray Holdings, Ltd. v. Pali Fin. Group, Inc.,* 277 F.Supp.2d 323, 326 (S.D.N.Y.2003), or where the time entries "fail[ed] to adequately differentiate tasks that are compensable at different rates [ ] and ... combine[d] compensable and non-compensable tasks into single entries," *Williamsburg Fair Hous. Comm. v. N.Y. City Hous. Auth.,* No. 76 Civ. 2125, 2005 WL 736146, *10 (S.D.N.Y. Mar. 31, 2005).  Although it is unnecessary for [fee applicants] to identify with precision the amount of hours allocated to each individual task, attorneys seeking reimbursement "must provide enough information for the [c]ourt, and the adversary, to assess the reasonableness of the hours worked on each discrete project," *Themis Capital v. Democratic Republic of Congo*, No. 09-CV-1652, 2014 WL 4379100, at *7 (S.D.N.Y. Sept. 4, 2014), *reconsideration denied*, 2014 WL 4693680 (S.D.N.Y. Sept. 22, 2014).

The time entries set forth in the application pending before this court are vague and so entangled that they prevent the Court from meaningfully reviewing whether the time spent on each task was excessive. In fact, most of the specified time entries contain numerous actions taken by counsel and do not apprise the Court or the defendants of the subject matter of the tasks performed.  "If 'the time records submitted in support of a fee application lack sufficient

specificity for the Court to assess the reasonableness of the amount charged in relation to the work performed, the Court is justified in reducing the hours claimed for those entries.' " *Williamsburg,* 2005 WL 736146, at *9 (citation omitted).  The courts in this circuit have found that "vague entries such as 'conference with' or 'call to' a specific person" generally lack sufficient specificity, while "time entries that refer to unspecified communications with unidentified 'outside counsel' or 'colleagues' " are "plainly inadequate." *Tucker v. City of New York,* 704 F.Supp.2d 347, 356 (S.D.N.Y.2010) (citations omitted); *see also Williamsburg,* 2005 WL 736146 at *10 (finding time entries that "fail[ed] to indicate the subject matter of telephone calls, conferences, and documents reviewed and drafted, or otherwise provide context by referring to specific issues or events in the case" impermissibly vague); *People ex rel. Vacco v. Rac Holding, Inc.,* 135 F.Supp.2d 359, 364 (2001) (reducing a fee award based on impermissibly vague time entries that "indicate[d] merely that a phone call was made or a meeting attended without describing the nature of the discussions therein").

Many of Counsel's time entries related to the litigation omit any reference to specific issues or subject matter and rely on generic descriptions, such as "draft complaint", "draft counts of complaint", and "finalize all papers".  Document 35-7, pp. 2-3.  The plaintiff fails to provide any information regarding how much time and research were spent on the variety of issues presented in the Complaint.  It was counsel's burden to identify the general subject matter of his claimed expenditures in order to provide the Court with an adequate basis for reviewing the reasonableness of his claimed hours.

Further, the plaintiff seeks attorney's fees for time spent amending the complaint following instructions by the court that the Section 1983 count, Count II, had not named the appropriate parties.  See Doc. 35-7, p. 3/12, Time entry dated 1/23/20.  Given that the failure to

properly draft the complaint was the plaintiff's counsel's error, these costs are not compensable under Section 1988.

    **C.**    **The claim for attorney's fees and costs should be reduced by seventy-five percent due to the plaintiff's limited and partial success on only one of four counts.**

The complaint sets forth four counts, a Fourteenth Amendment procedural due process claim under Section 1983, a Title IX claim based on erroneous outcome, a breach of contract claim, and a breach of a covenant of good faith and fair dealing. The court's decision to grant the TRO was based solely on the likelihood of success of only one of the four counts, the procedural due process claim. The court did not base its decision on, nor did it address, any of the remaining three counts. The limited success achieved by the plaintiff is also evidenced by the Consent Order's failure to grant any of the relief requested in the Complaint. As such, to the extent the court finds that the plaintiff prevailed, such success was limited. Because the remaining three counts were not successful, were based on entirely distinct legal theories, and would have relied on significantly different evidence, the claim for attorney's fees should be reduced by seventy-five percent (75%) to reflect the plaintiff's limited and partial success.

Courts have the discretion to reduce the attorney's fees requested where a plaintiff has only achieved limited or partial success. "If ... a plaintiff has achieved only partial or limited success, the product of hours reasonably expended on the litigation as a whole times a reasonable hourly rate may be an excessive amount." *Hensley*, 461 U.S. at 436, 103 S.Ct. 1933. This will be true even where the plaintiff's claims were "interrelated, non-frivolous, and raised in good faith." *Id.* "In determining whether a fee reduction is appropriate, 'the most critical factor is the degree of success obtained,' and courts should consider whether the plaintiffs 'achieve[d] a level of success that makes the hours reasonably expended a satisfactory basis for making a fee award.' "

*Healey v. Leavitt*, 485 F.3d 63, 72 (2d Cir. 2007), *quoting Hensley*, 461 U.S. at 434.  "Both 'the

quantity and quality of relief obtained,' as compared to what the plaintiff sought to achieve as

evidenced in her complaint, are key factors in determining the degree of success achieved."

*Barfield v. N.Y.C. Health & Hosps. Corp.*, 537 F.3d 132, 152 (2d Cir. 2008).

   In this case, the relief obtained through the Consent Order compared to the relief sought

in the Complaint, demonstrate that the plaintiff's success was only limited and partial.  The

plaintiff entered into a Consent Order pursuant to which the defendants agreed to provide a new

disciplinary hearing.  The Consent Order does not guarantee any particular result arising from

the hearing, nor does it address any of the issues raised in the Title IX or contract based

allegations.  Instead, it is intended to ensure that the procedural due process rights of both parties

to the proceeding are protected.  This result, a new hearing, was not included in the list of relief

set forth by the plaintiff in the Complaint.  Complaint, Prayer for Relief.  In fact, the Consent

Order did not award any of the requested relief sought by the plaintiff.  The plaintiff's limited

"success", when measured against the relief he sought, as evidenced in the Complaint, compels a

reduction in the fees sought in this application.

   The court is also compelled to reduce the fees because the unsuccessful counts of the

Complaint, the Title IX and contract based claims, were legally and factually distinct from the

procedural due process claim.  In deciding whether to reduce a fee award based on limited

success, a court should consider whether the plaintiff obtained relief on claims that were legally

and factually discrete from those on which he failed to obtain relief.  *K.L. v. Warwick Valley*

*Central Sch. Dist.*, 584 Fed.Appx. 17, 19 (2d Cir. 2014).  The congressional intent to limit

awards to prevailing parties requires that unrelated claims be treated as if they had been raised in

separate lawsuits, and therefore no fee may be awarded for services on the unsuccessful claims.

*Hensley*, 461 U.S. at 435.  In this case, the unsuccessful claims, one based in Title IX and two alleging contract based claims, are unrelated to a procedural due process claim.  They are based on different legal theories and involve facts unique to those claims.  Failure to obtain relief on these three counts compels this court to deny compensation for fees and costs associated with those counts.

      The Title IX claim would have required the plaintiff to produce evidence of a gender bias and culture at the university that infiltrated the disciplinary hearing process resulting in an erroneous outcome.  For example, the plaintiff alleged that UConn engaged in a "pattern and practice" of selectively enforcing Title IX.  Doc. 1, Complaint, Para. 169.  He specifically alleged that UConn has initiated proceedings against male students other than the plaintiff, demonstrating a bias against male students.  *Id.*  He also alleged that there was an atmosphere of pressure against male students.  Doc. 1, Complaint Para. 166.   Further, he alleged that the defendants had retaliated against him.  Doc. 1, Complaint Para. 171.  In order to succeed on the Title IX claim based on the allegations, the plaintiff would have had to present evidence to prove each of these allegations.  This would have required facts not relevant to the procedural due process claim.  As such, the Title IX claim was both legally and factually distinct from the procedural due process claim.

      The two contract based counts also involve legal theories and facts outside of the procedural due process issue as well.   First, both contract claims would have faced an Eleventh Amendment immunity defense, a legal hurdle involving issues unrelated to a procedural due process claim.  Second, the contract claims raise factual issues outside of those relevant to the procedural due process claim.  For example, in Count IV, the plaintiff alleges that the defendants

demonstrated a bias in factor of "victims" and "survivors".  Doc. 1, Complaint, Para. 178.  Proof of such bias would have required evidence not relevant to due process issues.

Further, Section 1988(b) does not allow a court to award fees and costs for contract claims.  The provision is limited to actions to enforce civic rights legislation, specifically "sections 1981, 1981a, 1982, 1983, 1985, and 1986 of this title, title IX of Public Law 92-318, the Religious Freedom Restoration Act of 1993, the Religious Land Use and Institutionalized Persons Act of 2000, title VI of the Civil Rights Act of 1964, or section 12361 of Title 34."  42 U.S.C.A. § 1988(b).  "The general purpose … of Section 1988(b) is to permit plaintiffs with valid claims to attract effective legal representation and thereby to encourage private enforcement of civil rights statutes, to the benefit of the public as a whole." *Green v. Torres,* 361 F.3d 96, 100 (2d Cir.2004) (internal quotation marks and citation omitted).  Neither the explicit language nor the purpose of the statute allows a court to award attorney's fees for contract claims.  Two of the four counts in the plaintiff's complaint are based in contract law, and, therefore, any fees for these claims are not compensable under Section 1988.

Given that the three claims that were not successful involve both legal theories and facts beyond those involved in the procedural due process claim, the court should reduce the fees to accurately reflect that any success was limited to only one of the four counts.  *Hensley* warns that "'[t]here is no precise rule or formula' for adjusting the lodestar to account for limited success... As the Supreme Court explained, '[t]he district court may attempt to identify specific hours that should be eliminated, or it may simply reduce the award to account for limited success. The court necessarily has discretion in making this equitable judgment." *Green*, 361 F.3d at 99, *citing Hensley*, 461 U.S. at 436.  Courts have applied across-the-board reductions due to limited success. *L.I. Head Start Child Dev. Servs., Inc. v. Economic Opportunity Com'n of Nassau*

*County, Inc.*, 865 F. Supp. 2d, 284, 297 (2012) (collecting cases); *see also Murray v. Coleman*, 232 F. Supp. 3d 311, 317-18 (W.D.N.Y. 2017) (holding that a 50% reduction of warranted under § 1988 in a public employee's § 1983 action alleging First Amendment retaliation); *Sanchez v. First Class Home Improvement, LLC*, 2019 WL 4593484, at *7 (applying a reduction of 35% for limited success).

Given that the plaintiff did not succeed on three of the four counts, and that each of the three unsuccessful counts would have required facts and legal argument distinct and separate from the issues raised by the procedural due process claim, the court should reduce any attorney's fees award by seventy-five percent (75%).

### D.     The attorney's fees requested should be offset by the payments already received by counsel.

The plaintiff's fee request should be offset by the plaintiff's payments to counsel made pursuant to the agreement between Allen Law LLC and the plaintiff's parents.  *See* Doc. 35-1, p. 6 of 23; Doc. 35-5, p. 4 of 11, Para. 14.  While the plaintiff's counsel concedes that he received payments for his work up until November of 2019, he does not account for such payments in his calculation of fees, nor does he attest that he will return any payments to the plaintiff if the court awards payment for any costs or fees already paid by the plaintiff.

Double payment of attorney fees and costs are per se not "reasonable" under Section 1988.  Although the statute is intended to deter civil rights violation and provide access to courts to those who might otherwise be economically unable to seek redress of fundamental violations, double recovery of attorney's fees and costs does not further this purpose.  Instead, it simply provides a windfall to attorneys.

Courts within this Circuit have been reluctant to award such a financial bonus for an attorney. *See Wright v. City of New York*, 283 F. Supp. 3d 98, 107-08 (S.D.N.Y. 2017) (reducing attorney's fees by the amount paid pursuant to a contingent fee agreement unless and until counsel forgoes payment under contingent agreement); *Laster v. Cole*, No. 99–CV–2837 (JG), 2000 WL 863463, at *2 (E.D.N.Y. June 23, 2000) (finding "this form of double recovery unnecessary" and reducing attorneys' fees by the amount specified in the retainer agreement where both a fee-shifting statute and a retainer agreement were at play); *Richards v. New York City Bd. of Educ.,* No. 83 Civ. 7621 (CBM), 1988 WL 70209, at *4, 1988 U.S. Dist. LEXIS 6121, at *14–15 (S.D.N.Y. June 27, 1988) (holding that fee shifting statutes "were not designed as a form of economic relief to improve the financial lot of attorneys").  *See also Corder v. Brown,* 25 F.3d 833, 839 (9th Cir.1994) (holding that district court abused its discretion by not offsetting the attorney's fee award by the amount already paid in settlement by the other two defendants; without the offset, plaintiffs would receive an improper windfall).

Given that the plaintiff concedes that counsel for the plaintiff received payments for his services up to November of 2019, any claim for a second payment for this time is per se "unreasonable" and, therefore not compensable under Section 1988(b).  The court should offset any payment awarded by the amount paid by the plaintiff's parents.  Such reduction requires plaintiff's counsel to provide accurate accounting of any such payments.

> **E.    Based on the prevailing hourly rate for an attorney of similar experience, plaintiff's counsel's claimed hourly rate of $450.00 is unreasonable.**

"[R]easonable fees under [Section] 1988 are to be calculated according to the prevailing market rates in the relevant community, regardless of whether plaintiff is represented by private or nonprofit counsel." *Tsombanidis v. City of W. Haven*, Connecticut, 208 F. Supp. 2d 263, 272

(D. Conn. 2002), *aff'd sub nom. Tsombanidis v. W. Haven Fire Dep't*, 352 F.3d 565 (2d Cir. 2003).  In determining the reasonable hourly rates to be applied, courts look to the market rates "prevailing in the community for similar services by lawyers of reasonably comparable skill, experience, and reputation." *Gierlinger v. Gleason,* 160 F.3d 858, 882 (2d Cir. 1998) (quoting *Blum,* 465 U.S. at 896, n.11, 104 S.Ct. 1541).  Further, "[i]t is well-established that the prevailing community a district court should consider ... is normally the district in which the court sits." *Reiter v. MTA New York City Transit Auth.,* 457 F.3d 224, 232 (2d Cir. 2006) (internal quotation marks omitted).  To determine whether a fee is reasonable, a court may take "judicial notice of the rates awarded in prior cases and the court's own familiarity with the rates prevailing in the district." *Farbotko v. Clinton Cty. of N.Y.*, 433 F.3d 204, 209 (2d Cir. 2005).

The plaintiff seeks an hourly rate of $450.00.  Given the rate awarded by District Courts in Connecticut to other attorneys involved in civil rights litigation, this rate is unreasonable.  In *Goff v. Chivers*, the District Court determined that an hourly rate of $350.00 an hour was reasonable for an attorney who had approximately twenty-five years of experience, including trying approximately ninety cases to verdict.  *Goff v. Chivers*, No. 3:15CV00722(SALM), 2017 WL 2896022, at *2.  In making its determination, the court considered "the attorney's experience; the nature of the work performed; the rates awarded in prior cases; and the rates charged by attorneys in this District with commensurate experience." *Id.*  The court noted that other courts in Connecticut had reached similar conclusions.  See, e.g., Donato v. Laird, No. 3:14CV00091(JAM), 2017 WL 2616921, at *1 (D. Conn. June 16, 2017) (finding an hourly rate of $350 for Attorney Merly to be reasonable); Crawford v. City of New London, No. 3:11CV1371(JBA), 2015 WL 1125491, at *3 (D. Conn. Mar. 12, 2015) (awarding fees at the rate of $410 an hour for two attorneys with over thirty years' experience each in civil rights

litigation); Watrous v. Borner, 995 F. Supp. 2d 84, 89 (D. Conn. 2014) (stating that even an attorney "who is not a longstanding expert in civil rights litigation could reasonably bill" $350 per hour).

The *Goff* court further decided that another attorney with significantly more experience than the first was only entitled to fees of $500.00 an hour.  The court found that the attorney had more than 49 years experience, had tried countless Section 1983 cases to verdict, lectured throughout the country on Section 1983 litigation, and wrote several law review articles on the topic.  *Id.*  The court noted that other courts in this District had reached the same conclusion.  *Id.*, at 2-3.

Based on Plaintiff's counsel experience, particularly in civil rights litigation, and given the rate courts in the District have found reasonable for attorneys with far more experience, plaintiff's request for an hourly rate of $450.00 is unreasonable.  Plaintiff's counsel has been an attorney for less than ten years.  See Doc. 35-5, p. 2 of 11.  During the first eight years of practice, he did not specialize in civil rights litigation.  Id.  Less than two years before filing this action, plaintiff's counsel opened a solo practitioner's office, Allen Law LLC, and decided to represent students in actions against universities raising a variety of issues, including disability issues under the American with Disabilities Act and Section 504 of the Rehabilitation Act of 1973.  *Id.* at p. 2-3 of 11.  While plaintiff's counsel attests that he has represented students in matters involving claims under Title IX and constitutional due process claims, it is not clear how much of his practice in the last two years has been in this area.

Given that plaintiff's counsel has less than ten years' experience as an attorney, only two years of which have been spent in representing students in claims against universities, and

considered in the context of decisions by courts in this District to award $350.00 an hour to attorneys with far more experience, the hourly rate of $450.00 is unreasonable.  This court should reduce that hourly rate to $300.00 to be consistent with other attorney's fees decisions in this District.

Further, several entries listed in the fees requests are clerical tasks or a combination of clerical and legal work, and, therefore, should be denied or compensated at a much lower rate. District courts have the discretion to apply an across-the-board reduction of hours billed for time spent on clerical tasks or block-billed time entries reflecting a mix of clerical and legal work. *Lilly v. City of New York,* 934 F.3d 222, 233 (2019) (finding no abuse of discretion on this ground even when counsel is a solo practitioner).  Clerical tasks include "sending and receiving faxes, requesting and receiving medical records, serving papers, and hand-delivering courtesy copies of filings to the courthouse," *Lilly*, 934 F.3d at 234, and preparing a summons and complaint for service, ECF filings, entering dates into a calendar, and communications regarding ordering a court reporter, *Cocuzza v. Rockland County, New York*, 2019 WL 6498915, at *7.

Counsel's time sheets reveal a variety of clerical tasks as well as entries that blend clerical tasks with legal tasks. *See, e.g.*, Doc. 35-7, p. 9 of 12, entries dated 1/16/20 (.50 hour on "Finalize all papers"); 1/20/20 (2.5 hours on "Prepare complaint for filing; final copyedit of complaint; file complaint and circulate to client"); 1/21/20 (1.2 hours on "Review orders of court and ordered deadlines for calendaring; serve court orders on opposing counsel N. Gelston and state AG; prepare chambers copy for Judge Shea"); 1/22/20 (1 hour on "Prepare service of process and serve complaint and TRO motion papers on AG's office by certified mail"); 1/27/20 (.8 hour on "Consult with paralegal researcher M. Maldonado; call with court reporter to order transcripts"); *see also* Entries dated 2/5/20; 2/10/20; 2/12/20.  The court should deny the plaintiff

the fees requested for these tasks, or reduce these fees to rates reasonable for clerical staff in this

District.

**F.    Fees associated with the second disciplinary hearing (Phase IV) should be reduced because they are not reasonable.**

The plaintiff seeks fees and costs for time spent preparing for and attending the second

disciplinary hearing.  See Doc. 35-7, p. 12 of 12.  Several of the entries included in this request

are for redundant and/or clerical tasks. Such requests are not reasonable and should be denied.

A district court must always ensure that hours spent on post-consent decree work are

reasonable in degree.  *P.J. by & through W.J. v. Connecticut State Bd. of Educ.,* 931 F.3d 156,

169 (2d Cir. 2019), *citing Quaratino*, 166 F.3d at 425 (noting that district courts should "exclude

excessive, redundant or otherwise unnecessary hours"); *see also Hensley*, 461 U.S. at 433-34

(postjudgment litigation, like all work under the fee-shifting statutes, must be reasonable in

degree).  Attorneys seeking fees should exclude "excessive, redundant, or otherwise

unnecessary" hours. *Hensley,* 461 U.S. at 434, 103 S.Ct. 1933.

In this case, the plaintiff seeks fees for time spent prepping witnesses and preparing

statements for the second hearing.  See Doc. 35-7, p. 12 of 12.  These fees are redundant given

that the same work had been done for the first hearing.  See Doc. 35-7, pp. 7-8 of 12.  As such

the fees should be denied.  Certain time entries also claim time for filing a complaint with the

Student Conduct Office.  Id., p. 12, entries dated 2/10/20 and 2/21/20.  The fees requested for

filing a complaint with the Student Conduct Office are also not associated with work to enforce

the consent decree and, therefore, not compensable.  *Compare Jenkins by Jenkins v. State of Mo.,*

127 F.3d 709, 719 (8th Cir. 1997).

18

Finally, the plaintiff also claims time for clerical tasks associated with the second hearing as he does for other phases of the litigation. He claims time for phone calls to schedule the hearing and witness interviews. Id., p. 12, two entries dated 2/19/20; one entry dated 2/20/20. As set forth above, this court should decline to award attorney's fees for clerical tasks.

> **G.     Plaintiff's claims for attorney's fees and costs associated with preparation of the attorney's fees application must be reduced so as to constitute no more than twenty-four percent of the total fees and costs awarded.**

Prevailing parties under Section 1988 are entitled to recover a *reasonable* fee for preparing and defending a fee application. *Hines v. City of Albany*, 862 F.3d 215, 223 (2d Cir. 2017). Courts in the Second Circuit have found that a reasonable fee for such time ranges from eight to twenty-four percent of the total award for total time spent on the case. *Osterweil v. Bartlett*, 92 F. Supp. 3d 14, 36 (N.D.N.Y. 2015). Therefore, should this court decide that any fees or costs for the litigation in this case are compensable, and should the court also find that some amount of fees and costs for the application itself are compensable, the amount awarded for time spent on the application must be consistent with this criteria. Any amount in excess of this range is not "reasonable" under Section 1988(b).

### III.     Conclusion

Should this court decide that the plaintiff is a "prevailing party" under Section 1988, it should reduce the requested fees for all of the forgoing reasons.

DEFENDANTS
WILLIAM TONG

ATTORNEY GENERAL


BY:    /s/ Mary K. Lenehan
         Mary K. Lenehan
         Assistant Attorney General
         Federal Bar No. ct 15436
         165 Capitol Ave.
         Hartford, CT  06106
         Tel: (860) 808-5210
         Fax: (860) 808-5385
         Mary.lenehan@ct.gov

**<u>CERTIFICATION</u>**

I hereby certify that on April 27, 2020, a copy of the foregoing Motion for Extension of Time was filed electronically and served by mail on anyone unable to accept electronic filing.  Notice of this filing will be sent by e-mail to all parties by operation of the court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing.  Parties may access this filing through the court's CM/ECF System.

<u>/s/ Mary K. Lenehan</u>
 (#ct 15436)
Assistant Attorney General
165 Capitol Avenue
Hartford, CT 06106
Tel: (860) 808-5210
Fax: (860) 808-5385
Email: mary.lenehan@ct.gov